```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ROBERT A. KNUPPEL, | CIVIL ACTION NO. 07-4202 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| WOMENS INTEGRATED NETWORK, INC., et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed, without prejudice to recommence the action in state court, for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 4, Order To Show Cause ("OTSC")); and the Court examining jurisdiction sua sponte in this action brought (1) on September 4, 2007, (2) against the defendants, Womens Integrated Network, Inc. ("WINI"), Capitol Health Partners, L.P. II ("CHLP"), Roger Shedlin, and Deborah A. Guthrie, and (3) to recover damages for, inter alia, breach of contract (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction is lacking); and the plaintiff (1) asserting jurisdiction under Section 1332 (Compl., at 3), and (2) bearing the burden of demonstrating jurisdiction, see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and

**THE COURT** now being satisfied that based on the parties' responses, (1) the plaintiff is a New Jersey citizen, (2) WINI is

a citizen of both Delaware and New York, (3) Shedlin is a Connecticut citizen, and (4) Guthrie is deemed a New York citizen (see OTSC, at 1-2; dkt. entry nos. 5 & 7, Defs. Resp. & Pl. Resp.);[1] but

**THE PLAINTIFF** having alleged, without more, that CHLP is "a Delaware limited partnership with offices in Washington, D.C." (Compl., at 1-2); and it appearing that limited partnerships are (1) unincorporated associations, and (2) deemed citizens of each state in which their partners — general and limited — are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.23 (3d Cir. 2007); and it appearing that if a partner is itself an unincorporated association, then the ownership layers of that partner also must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003); and it appearing that the plaintiff's allegation that CHLP is "a Delaware limited

---

[1] Guthrie is "a citizen of the United States", with a "primary residence in Bermuda" and "a secondary residence in New York". (Defs. Resp., at 2-3.)  For the purposes of this jurisdictional analysis, Guthrie is deemed a New York citizen. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399-400 (3d Cir. 2008).

2

partnership" is "meaningless", Hart, 336 F.3d at 544, as "[t]here is no such thing as 'a (state name) limited partnership' for purposes of the diversity jurisdiction", Guar. Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996); and thus the plaintiff failing to properly allege CHLP's citizenship; and

**THE COURT**, due to the plaintiff's deficient allegations, being unable to determine if there is jurisdiction here under Section 1332, see 28 U.S.C. § 1332(a); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising the parties, inter alia, of the intention to dismiss the complaint for lack of jurisdiction unless the plaintiff properly analyzed CHLP's partnership layers, and alleged CHLP's citizenship, on September 4, 2007, with supporting documentation (OTSC, at 4); and

**THE COURT** specifically advising the parties that if they wished to proceed in federal court, then they were required to refrain from asserting confidentiality for any partnership layer of CHLP, see Belleville, 350 F.3d at 693 (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"), Emerald, 492 F.3d at 207 n.22 (rejecting, in jurisdictional analysis, partnership's

3

"attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); but the Court advising the parties that any dismissal here would be without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see <u>Jaworowski v. Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007), <u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980) (OTSC, at 5-6); and

**THE DEFENDANTS**, in response, asserting that CHLP is comprised of several other limited partnerships ("Investors"), and that CHLP itself "has no knowledge of the citizenship of any of the limited partners of the Investors.  Pursuant to its organizational agreements, [CHLP] does not have the right to receive such information from the Investors and, therefore, [CHLP] is unable to provide such citizenship with respect to each of [the] Investors" (Defs. Resp., at 3); and

**THE PLAINTIFF**, in response, conceding that (1) he has "been unable to definitively determine the citizenship of [CHLP]", and (2) it is "impossible" to "establish diversity between himself and [CHLP] without conducting discovery" (Pl. Resp., at 1); and the plaintiff attempting to withdraw the claims asserted against CHLP "without prejudice" (<u>id.</u> & Ex. A, Notice of Dismissal); and

4

**IT THUS APPEARING THAT THE PLAINTIFF** has instituted an action in federal court, rather than in state court, without knowing whether jurisdiction existed, see <u>Techstar Inv. Partn. v. Lawson</u>, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11), <u>see also</u> <u>Cohen v. Kurtzman</u>, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation), <u>Hussey Copper v. Oxford Fin. Group</u>, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same); and

**THE PLAINTIFF ALLEGING** that CHLP (1) is a WINI shareholder, (2) would profit if he did not exercise certain options to buy WINI stock, (3) blocked him from exercising his options through fraudulent conduct, and was unjustly enriched at his expense thereby, and (4) "is liable for [Guthrie's] misconduct" (Compl.); and it appearing that if — as is apparent here from "even a cursory reading" of the plaintiff's "specific allegations" against CHLP — the non-diverse defendant is indispensable to an action, then a plaintiff cannot withdraw the claims asserted against that defendant in order to manufacture jurisdiction, <u>Guthrie Clinic v. Travelers Indem. Co.</u>, 104 Fed.Appx. 218, 222 (3d Cir. 2004) (affirming order granting motion to dismiss for lack of Section 1332 jurisdiction because nondiverse party was indispensable), see <u>DeBiasse v. Chevy Chase Bank Corp.</u>, 144

5

Fed.Appx. 245, 247 (3d Cir. 2005), cert. denied, 546 U.S. 1093 (2006); and

**IT APPEARING** that the plaintiff still anticipates litigation against CHLP, as he seeks to withdraw the claims against it "without prejudice"; and thus it appearing that complete relief cannot be accorded without CHLP's presence in this action; and it appearing a disposition in the action without CHLP could (1) impair CHLP's ability to defend itself, and (2) result in inconsistent obligations for the parties; and it appearing that the plaintiff will not be unduly prejudiced if the entire complaint is dismissed because he has alternative fora in which to proceed, e.g., the state courts, see Fed. Realty Inv. Tr. v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *5 (E.D. Pa. Jan. 21, 2000), Enza Inc. v. We The People, Inc., 838 F.Supp. 975, 978 (E.D. Pa. 1993); and it also appearing "there is an independent judicial interest that occasionally blocks an effort to keep a suit going by dropping a party whose presence destroys jurisdiction", May Dep't Stores v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002), particularly when a court "would be creating two suits where there had been only one", id., see Sta-Rite Indus. v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996) (rejecting result that "would not . . . allow the federal courts to render complete relief, and would likely lead to duplicative actions"); and

6

**THE COURT** intending to (1) grant the order to show cause, and (2) dismiss the complaint without prejudice to recommence the action in state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                 s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

**Dated:**    April 11, 2008